UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP KERVIN; AND AMANDA KERVIN, | Civil Action No.: 2:13-cv-01461-MMD-PAL |
| Plaintiff, v. | |
| GC SERVICES, LIMITED PARTNERSHIP, | **FIRST AMENDED COMPLAINT** |
| Defendant. | |

For this First Amended Complaint, the Plaintiffs, PHILLIP KERVIN and AMANDA KERVIN (hereinafter collectively referred to as "Plaintiff" or "Plaintiffs"), by undersigned counsel, states as follows:

## JURISDICTION

1. Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. The Plaintiffs, AMANDA KERVIN and PHILLIP KERVIN ("Plaintiff"), are each adult individuals residing in Las Vegas, Nevada at all times herein.

5. Defendant GC SERVICES, LIMITED PARTNERSHIP ("GC SERVICES"), is doing business in the State of Nevada as a business entity operating as a collection agency.

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### The Debt

6. Plaintiff, AMANDA KERVIN, allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor") for student loans.

7. The Debt was purchased, assigned or transferred to GC SERVICES for collection, or GC SERVICES was employed by the Creditor to collect the Debt.

8. Defendant made numerous calls to Plaintiff's cell phone.

9. During these calls, Defendant's employee, "Lance" (or an employee by some other name) used threatening and intimidating language to collect the Debt in violation of Nevada Revised Statues (NRS) 598.0918(1).

10. Defendant repeatedly solicited the Plaintiff, in an attempt to collect the Debt, in an annoying, abusive or harassing manner in violation of NRS 598.0918(2).

11. Defendant further "blocked" its true number when placing it placed these unsolicited telephone calls to the Plaintiff's cell phone in violation of NRS 598.0918(4).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone dialing systems.

14. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

15. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

16. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The

3

FCC also recognized that wireless customers are charged for incoming calls.[1]

17. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

18. Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

19. Beginning in 2011, Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone ending "5913" using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

20. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21. Pursuant to the contract with her cellular service provider, Plaintiff is charged for incoming calls made to her cellular telephone.

22. Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on her cellular telephone.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

4

23. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

24. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS using a prerecorded voice.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

25. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

26. Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without her prior express consent.

27. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

28. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

30. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

31. Defendant knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without her prior express consent.

32. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

33. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### VIOLATIONS OF NRS 41.600(2)(e) AND NRS 598.0918

35. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36. Defendant willfully engaged in a deceptive trade practice pursuant to NRS 598.0999 and 598.0918 by:

- using threatening or intimidating language;
- repeatedly or continuously soliciting collection of the Debt in a manner that is considered by a reasonable person to be annoying, abusive or harassing;
- blocking or otherwise intentionally circumventing "any service used to identify the caller when placing an unsolicited telephone call".

37. Defendant's acts were willful as that term is meant to be applied pursuant to NRS 598.0999.

38. These acts constitute "consumer fraud" pursuant to NRS 41.600(3)(a).

39. Pursuant to 598.0999(2), the Court can impose a civil penalty of $5,000 for each violation of NRS 598.0918, as well as NRS 41.600 and the Plaintiff hereby requests relief under this statute, or any other statute applicable herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

…

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. An award of attorney's fees and costs to counsel for Plaintiff; and

4. Such other relief as the Court deems just and proper.

## COUNT II

### Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

3. An award of attorney's fees and costs to counsel for Plaintiff; and

4. Such other relief as the Court deems just and proper.

## COUNT III

### VIOLATIONS OF NRS 41.600(3) AND 598.0918

As a result of Defendant's violations of the Nevada Deceptive Trade

Practices Act, the Plaintiffs seek for themselves:

1. damages in an amount to be determined trial;

2. injunctive relief prohibiting Defendant from continuing to violate the Nevada Deceptive Trade Practices Act in the future;

3. for statutory damages pursuant to NRS 598.0999;

4. for punitive damages;

5. for attorney's fees and costs; and

6. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 11, 2013

>Respectfully submitted,
>
>By /s/ David H. Krieger, Esq.
>
>David H. Krieger, Esq.
>Nevada Bar No. 9086
>HAINES & KRIEGER, LLC
>8985 S. Eastern Avenue, Suite 130
>Henderson, Nevada 89123
>Phone: (702) 880-5554
>FAX: (702) 385-5518
>Email:
>dkrieger@hainesandkrieger.com
>
>Attorney for Plaintiffs