1  |  MICHAEL R. AYERS, ESQ.
Nevada Bar No. 10851
2  |  **HINSHAW & CULBERTSON LLP**
3200 N. Central Avenue, Suite 800
3  |  Phoenix, AZ 85012
Telephone: 602-631-4400
4  |  Facsimile: 602-631-4404
mayers@hinshawlaw.com
5  |
and
6  |
GINA M. MUSHMECHE, ESQ.
7  |  Nevada Bar No. 10411
**KRAVITZ, SCHNITZER**
8  |  **& JOHNSON, CHTD**
8985 S. Eastern Avenue, Suite 200
9  |  Las Vegas, NV 89123
Telephone: 702-362-6666
10  |  Facsimile: 702-362-2203
gmushmeche@kssattorneys.com
11  |
Attorneys for GC Services, LP
12  |

13  |

14  |                 **UNITED STATES DISTRICT COURT**

15  |                 **FOR THE DISTRICT OF NEVADA**

16  |

17  |  PHILLIP KERVIN; AND AMANDA      )      No. 2:13-cv-01461-MMD-PAL
KERVIN,                                     )
18  |                                        )
            Plaintiffs,                     )      **GC SERVICES, L.P.'S**
19  |                                        )      **MOTION TO DISMISS**
      v.                                    )      **COUNT III OF THE FIRST**
20  |                                        )      **AMENDED COMPLAINT AND**
      GC SERVICES, LIMITED PARTNERSHIP,     )      **PLAINTIFF PHILLIP KERVIN,**
21  |                                        )      **PURSUANT TO FED. R. CIV. P.**
            Defendant.                      )      **12(B)(6) AND 9(B)**
22  |                                        )

23  |  _____

24  |         **COMES NOW**, Defendant, GC Services, L.P. (hereinafter "GC Services"), by and

25  |  through its undersigned attorneys, and hereby respectfully moves the Court for an Order

26  |  dismissing Count III of the First Amended Complaint and Phillip Kervin, as a plaintiff,

27  |

28  |  pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). (Doc. # 8).  In this alleged unlawful collection

practices case, Count III of the First Amended Complaint deals solely with Nevada's Deceptive Trade Practices Act, and nowhere do Plaintiffs allege that GC Services provided any "goods" or "services" to them in order to be held liable under the Nevada State Act. Because GC Services did not provide goods or services to Plaintiffs, their claims under Nevada's Deceptive Trade Practices Act must fail, pursuant to Fed. R. Civ. P. 12(b)(6). Another reason why Count III of the First Amended Complaint should be dismissed is because while paragraph 38 alleges that *all* of the "acts" that the Nevada Deceptive Trade Practices Act claim is based upon constitute "consumer fraud," Plaintiffs have failed to adhere to the heightened pleading standard for fraud claims and have not plead it with particularity, pursuant to Fed. R. Civ. P. 9(b).

In addition, Plaintiff Phillip Kervin should be dismissed as a plaintiff because there are no allegations of fact that are particularly plead regarding him (other than paragraph 4 wherein it is alleged he is a resident of Nevada) throughout the First Amended Complaint, and in regards to his claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, in Counts I and II, Phillip Kervin failed to allege that he is a subscriber of the alleged subject wireless number such that he has no basis to raise a claim under the TCPA.

///

///

2

130712803v1 0950239

1        The Motion to Dismiss is based upon this Notice, the Memorandum of Points and

2   Authorities in support thereof, all other pleadings and records on file in this action, as well as

3   such oral argument or other evidence that this Court may consider.

4

5                           KRAVITZ, SCHNITZER
                        & JOHNSON, CHTD.

6

7

8

9                           GINA M. MUSHMECHE, ESQ.
                        Nevada Bar No. 10411

10                          8985 S. Eastern Ave., Ste. 200
                        Las Vegas, NV 89123

11                          (702) 222-4155

12                          Attorneys for the Defendant
                        G.C. Services, L.P.

13

14                               and

15                          HINSHAW & CULBERTSON, LLP

16

17                          /s/ Michael R. Ayers, Esq.

18

19                          MICHAEL R. AYERS, ESQ.
                        Nevada Bar No. 10851

20                          3200 North Central Avenue, Suite 800
                        Phoenix, Arizona 85012-2428

21                          (602) 631-4400

22                          Attorneys for the Defendant
                        G.C. Services, L.P.

23

24

25

26

27

28
                           3

130712803v1 0950239

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      SALIENT FACTS**

In the First Amended Complaint, Plaintiffs allege that Amanda Kervin incurred a financial obligation to a creditor for her student loans (hereinafter "the Outstanding Account Balance"). Ct. R. Compl. ¶ 6.  Plaintiffs allege that GC Services purchased, was assigned or was transferred the Outstanding Account Balance by the creditor, and then initiated collection efforts. *Id* at ¶¶ 1, 6-11.   Plaintiffs allege in a conclusory manner that the collection efforts resulted in "numerous calls" to the subject cell phone, that "threatening and intimidating language" was used in an "annoying, abusive or harassing manner," and that the calls to the subject cell phone were "blocked."  *Id*   The First Amended Complaint is devoid of any allegations regarding the amount of alleged calls that were made and when and how frequently the calls were made.   There are no allegations that identify the alleged "threatening and intimidating language" that was used.   Further, there are no allegations on how the calls were "annoying, abusive or harassing."   Despite Plaintiffs' material pleading omission, they still allege that these bare-bone conclusory allegations amount to deceptive trade practices. *Id.* at ¶¶ 35-38.    Plaintiffs also summarily conclude that these actions constitute "consumer fraud" under Nevada's Deceptive Trade Practices Act. *Id*

Nowhere do Plaintiffs allege, as required by Nevada's Deceptive Trade Practices Act, that GC Services offered any "goods" or "services" to Plaintiffs. *Id*  Clearly, under the facts

4

alleged in Plaintiffs First Amended Complaint, GC Services could never be held responsible under Nevada's Deceptive Trade Practices Act. *Id.*

In addition, according to Plaintiffs, the alleged unlawful calls were placed to Amanda Kervin's cellular telephone. *Id.* at ¶¶ 21-22, 26, 31. There are no allegations of fact that any of the calls were placed to a cellular telephone line where Phillip Kervin was the subscriber.

## II.   LEGAL ARGUMENTS

The nature of GC Services' business is to collect on unpaid, outstanding account balances. Therefore, a necessary part of their business is collections. Plaintiffs admit within the four corners of their First Amended Complaint that GC Services did not provide any "goods" or "services" to them. Because the sole intention of Nevada's Deceptive Trade Practices Act is to protect consumers from deceptive practices concerning "goods" and "services", Kervin cannot allege any facts that would support a claim against GC Services under the Act. *Reyna v. Wells Fargo Bank, N.A.*, 2011 WL 2690087, *9 (D. Nev.)

> *Plaintiff bases her deceptive trade practices claim on N.R.S. § 598, Nevada's Deceptive Trade Practices Act. This Court has previously held that this section applies* __only__ *to* __goods__ *and* __services__. . . .

*Id.* (emphasis added). In addition, Nevada's State Attorney General, who is charged with enforcing the Deceptive Trade Practices Act, has stated that the Act does not apply to debt collection. (*See* Statement from Nevada State Attorney General Catherine Cortez Masto, which is available at http://ag.nv.gov/Bureau_of_Consumer_Affairs(BCP)/ and attached

5

130712803v1 0950239

hereto as Exhibit A).   Therefore, based on the following legal arguments, Count III in Plaintiffs' First Amended Complaint should be dismissed with prejudice.

A.   **Legal Standard for Rule 12(b)(6) Motions.**

Rule 12(b)(6) Motions test the sufficiency of a pleading. *Smith v. Frye*, 488 F.3d 263, 274 (4th Cir. 2007). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a Complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 580 (9th Cir. 1983).

In considering whether a plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). The factual allegations in a complaint, however, must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Well-pleaded factual allegations are presumed true when considering a Rule 12(b)(6) motion, but legal conclusions are not. *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a plausible claim, because such allegations fail to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Therefore, a plaintiff must do more than merely incant labels, conclusions and a formulaic elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

6

1964-65, 167 L.Ed.2d 929 (U.S. 2007). Plaintiff must show that his/her allegations poses enough heft to establish an entitlement to relief and, thereby, are sufficient to allow the costly process of litigation to continue. *Id.*   In this case, as discussed more fully below, Plaintiffs are unable to maintain Count III of their First Amended Complaint because the requirements of Nevada's Deceptive Trade Practices Act cannot be met.   Additionally, Phillip Kervin cannot remain as a plaintiff in this action because there are no allegations specifically regarding him and Plaintiffs have failed to alleged that he is a subscriber to the subject alleged cellular phone service.

**B.     Count III Involving Nevada's Deceptive Trade Practices Act Should Be Dismissed With Prejudice Because This Case Does Not Involve Goods Or Services And Plaintiff Are Unable To Allege In Good Faith Any <u>Allegations To Meet The Requirements Of That Act</u>.**

Plaintiffs attempt to allege relief under Nevada Revised Statutes Section 41.600 based on purported violations of Nevada's Deceptive Trade Practices Act, Nevada Revised Statutes Sections 598.0918 and 598.0999.   Nevada Revised Statutes Section 41.600(1) allows a civil action by "any person who is victim of **<u>consumer fraud</u>**," including a violation of the Deceptive Trade Practices Act. (emphasis added). However, consumer fraud requires that the actions of the person committing the fraud under the Act must involve "goods" or "services." *Reyna*, 2011 WL 2690087 at *9.

Courts in this district have repeatedly held that Nevada Revised Statutes, Chapter 598, the Nevada Deceptive Trade Practices Act, does not extend to debt collection activities, because the Act is restricted to transactions involving only "goods" and "services." *Archer v.*

7

130712803v1 0950239

*Bank of Am. Corp.,* 2011 WL 6752562, *2 (D. Nev. 2011) (holding that the Act is inapplicable to claims not involving goods and services); *Lee v. BAC Home Loan Servicing, LP,* 2011 WL 5827202, *3 (D. Nev. 2011) ("[T]he Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services."); *Lalwani v. Wells Fargo Bank, N.A.,* 2011 WL 4574338, *2 (D. Nev. 2011) ("Therefore, the Court must dismiss these claims, because even if the Court were to grant Plaintiffs leave to amend the claims, Chapter 598 applies only to good and services. . . ."). In *Archer,* the District Court made it clear that Nevada's Trade Practices Act only applies to transactions involving "goods" and "services". 2011 WL 6752562 at *2. "As such, the court finds that § 598.0915(15), **like the rest of the statute**, applies to transactions involving 'goods or services' and thus plaintiffs have failed to state a claim." *Id.* (emphasis added).

The Nevada State Attorney General who is charged with enforcing this Act has stated that the Act does not apply to debt collection and that it may be preempted by federal law:

> *Not all fraudulent activity is illegal under the Nevada Deceptive Trade Practices Act, such as when another law applies that regulates a particular industry or is more specific. Examples of what is not deceptive trade include timeshares, landlord/tenant issues, **debt collection**, and bank or credit card problems.*

(Ex. A.) (emphasis supplied).

Here, Plaintiff's cannot get around this fatal deficiency. *Id.*   By Plaintiffs own admission in the First Amended Complaint, the purpose of the alleged calls was for collection of Amanda Kervin's unpaid, outstanding account balance.  Simply put, Plaintiffs cannot in good faith and under the requirements of Fed. R. Civ. P. 11 allege any facts that

8

130712803v1 0950239

would provide that GC Services' actions involved "goods" or "services" or that the calls pertained to something else other than for collection purposes. Therefore, Count III of Plaintiffs' First Amended Complaint should be dismissed *with prejudice*.

**C.    Count III Of The First Amended Complaint Should Be Dismissed Because Plaintiff Has Failed To Plead The Allegations Of Consumer Fraud With Particularity.**

In the First Amended Complaint, Plaintiffs allege that *all* of the actions that the Deceptive Trade Practices Act claim under Count III are based upon constitute "consumer fraud." (*See* ¶38).  Plaintiffs allege this *without* any supporting allegations that are based in fact and that are particular. Fed. R. Civ. P. 9(b) demands that when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' " *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2011) (*quoting Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994).

9

130712803v1 0950239

Here, a reading of the First Amended Complaint easily shows that Plaintiff have not met the requirements of Fed. R. Civ. 9(b).  Because all of the "actions" alleged in the Plaintiffs' pleading constitute consumer fraud and are what give rise to the Deceptive Trade Practices Act, Count III must be dismissed in its entirety.

**D.    Phillip Kervin Should Be Dismissed As A Plaintiff Because There Are No Allegations In The First Amended Complaint Particular To Him And Because He Is Not The Subscriber To The Alleged Cellular Phone.**

In Plaintiffs' pending pleading, there are no allegations of fact regarding Phillip Kervin other than where he resides.  In fact, all the allegations regarding the alleged subject cellular phone involved only Amanda Kervin:

> 6.   Plaintiff, *AMANDA KERVIN*, allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor") for student loans.
>
> 21. Pursuant to the contract with *her* cellular service provider, Plaintiff is charged for incoming calls made to *her* cellular telephone.
>
> 22. Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on *her* cellular telephone.
>
> 26. Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without *her* prior express consent.
>
> 31.   Defendant knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without *her* prior express consent.

(First Amended Complaint) (emphasis supplied).  In order to state a claim under the TCPA, one of the necessary elements is that the plaintiff must allege and prove that he/she is the current subscriber of the subject cellular phone. *Jamison v. First Credit Services, Inc., et al.*, 2013 WL 3872171, *4 (N.D. Ill.)  Here, Phillip Kervin has plead himself out of court. The above allegations in the First Amended Complaint clearly allege that it is Amanda

10

Kervin's ("her") cellular service provider involved.  Plaintiff allege that the cellular phone belongs to Amanda Kervin.  As a result, Phillip Kervin cannot maintain a claim under Counts I and II that pertain to the TCPA.  Further, because none of the allegations in the First Amended Complaint pertain to Phillip Kervin specifically he must be dismissed as a plaintiff in this action.

## III.   CONCLUSION

For all the foregoing reasons, and for the reasons set forth in GC Services' Motion to Dismiss, the Court should grant GC Services' Motion to Dismiss Count III of the First Amended Complaint and dismiss Phillip Kervin as a plaintiff with prejudice.

DATED this 20th day of December 2013.

KRAVITZ, SCHNITZER,
& JOHNSON, CHTD.

_____
Gina M. Mushmeche
Nevada Bar No. 10411
8985 South Eastern Avenue, Suite 200
Las Vegas, NV 89123
Telephone: 702-362-6666
Facsimile: 702-362-2203
Primary: gmushmeche@kssattorneys.com
Attorneys for GC Services, Limited
Partnership

HINSHAW & CULBERTSON LLP

/s/ Michael R. Ayers, Esq.
_____
Michael R. Ayers
Nevada Bar No. 10851
3200 North Central Avenue, Suite 800
Phoenix, AZ 85012-2428
Telephone: 602-631-4400
Facsimile: 602-631-4404
Primary: mayers@hinshawlaw.com
Attorneys for GC Services, Limited
Partnership

130712803v1 0950239

1

## CERTIFICATE OF SERVICE

2

3

Pursuant to Local Rule 5-1, I hereby certify that on December 20, 2013, I

4

electronically transmitted the above **MOTION TO DISMISS**

5

**COUNT III OF THE FIRST AMENDED COMPLAINT AND PLAINTIFF**

6

**PHILLIP KERVIN, PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)** to the

7

Office of the Clerk of the United States District Court for the District of Nevada using the

8

Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all

9

10

counsel of record in this matter; all counsel being registered to receive Electronic Filing.

11

12

13

14

An Employee of Kravitz, Schnitzer
& Johnson, Chtd.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12