MICHAEL R. AYERS
Nevada Bar No. 10851
**HINSHAW & CULBERTSON LLP**
3200 N. Central Avenue, Suite 800
Phoenix, AZ 85012
Telephone: 602-631-4400
Facsimile: 602-631-4404
mayers@hinshawlaw.com

and

GINA M. MUSHMECHE
Nevada Bar No. 10411
KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
Telephone: 702-362-6666
Facsimile: 702-362-2203
gmushmeche@kssattorneys.com

Attorneys for GC Services, Limited Partnership

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PHILLIP KERVIN AND AMANDA KERVIN, | No. 2:13-cv-01461-MMD-PAL |
| Plaintiffs, | |
| v. | **STIPULATION FOR PROTECTIVE & INADVERTENT DISCLOSURE ORDER** |
| GC SERVICES, LIMITED PARTNERSHIP, | |
| Defendant. | |

    **IT IS HEREBY** stipulated and agreed by and between plaintiff, Amanda Kervin, and defendant, GC Services Limited Partnership., through their respective counsel, that the parties agree to abide by the form of the protective and inadvertent disclosure order, which is attached hereto, pursuant to Local Rule 16.1-4 of the U.S. District Court for the District of Nevada and Fed. R. Evid. 502(d), and that the Court may enter the attached order to that affect.

23318776v1 0950239

DATED this 31st day of January, 2014.

| HAINES & KRIEGER, LLC | HINSHAW & CULBERTSON LLP |
|---|---|
| /s/David H. Krieger<br>David H. Krieger, Esq.<br>Nevada Bar No. 9086<br>8985 South Eastern Avenue, Suite 130<br>Las Vegas, NV 89123<br>Telephone: 702-880-5554<br>Facsimile: 702-967-6665<br>Primary: dkrieger@hainesandkrieger.com<br>Attorneys for Plaintiffs | /s/ Michael R. Ayers<br>Michael R. Ayers<br>Nevada Bar No. 10851<br>3200 North Central Avenue, Suite 800<br>Phoenix, AZ 85012-2428<br>Telephone: 602-631-4400<br>Facsimile: 602-631-4404<br>Primary: mayers@hinshawlaw.com<br>Attorneys for GC Services, Limited Partnership |

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5-1, I hereby certify that on January 31st, 2014, I electronically transmitted the above **STIPULATION FOR PROTECTIVE & INADVERTENT DISCLOSURE ORDER** to the Office of the Clerk of the United States District Court for the District of Nevada using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record in this matter; all counsel being registered to receive Electronic Filing.

2

23318776v1 0950239

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | | |
|---|---|---|
| PHILLIP KERVIN AND AMANDA KERVIN, | ) | No. 2:13-cv-01461-MMD-PAL |
| Plaintiffs, | ) ) | **PROTECTIVE & INADVERTENT DISCLOSURE ORDER** |
| v. | ) ) | |
| GC SERVICES, LIMITED PARTNERSHIP, | ) ) | |
| Defendant. | ) ) | |

Upon consideration of the parties Stipulation for a Protective and Inadvertent Disclosure Order, **IT IS HEREBY ORDERED**, that the parties shall adhere to the following confidentiality and inadvertent disclosure of materials order, pursuant to Local Rule 16-1-4 of the U.S. District Court for the District of Nevada and Fed. R. Evid. 502(d):

**CONFIDENTIALITY**

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced

1  for inspection before being marked confidential. Once specific documents have been designated
2  for copying, any documents containing confidential information will then be marked confidential
3  after copying but before delivery to the party who inspected and designated the documents.
4  There will be no waiver of confidentiality by the inspection of confidential documents before
5  they are copied and marked confidential pursuant to this procedure.

6      2.    Portions of depositions of a party's present and former officers, directors,
7  employees, agents, experts, and representatives must be deemed confidential only if they are
8  designated as such when the deposition is taken.

9      3.    Information or documents designated as confidential under this Order must not be
10  used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph
11  (4) for any purposes whatsoever other than preparing for and conducting the litigation in which
12  the information or documents were disclosed (including appeals). The parties must not disclose
13  information or documents designated as confidential to putative class members not named as
14  plaintiffs in putative class litigation unless and until one or more classes has been certified.

15      4.    The parties and counsel for the parties must not disclose or permit the disclosure
16  of any documents or information designated as confidential under this Order to any other person
17  or entity, except that disclosures may be made in the following circumstances:

18      (a)    Disclosure may be made to employees of counsel for the parties who have
19  direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to
20  whom counsel for the parties makes a disclosure must be advised of, and become subject to, the
21  provisions of this Order requiring that the documents and information be held in confidence.

22      (b)    Disclosure may be made only to employees of a party required in good
23  faith to provide assistance in the conduct of the litigation in which the information was disclosed
24  who are identified as such in writing to counsel for the other parties in advance of the disclosure
25  of the confidential information.

26      (c)    Disclosure may be made to court reporters engaged for depositions and
27  those persons, if any, specifically engaged for the limited purpose of making photocopies of
28

1  documents. Prior to disclosure to any such court reporter or person engaged in making
2  photocopies of documents, such person must agree to be bound by the terms of this Order.

3        (d)     Disclosure may be made to consultants, investigators, or experts
4  (hereinafter referred to collectively as "experts") employed by the parties or counsel for the
5  parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert or any
6  attorney who has not previously filed an appearance in the above-captioned lawsuit, the expert or
7  attorney must be informed of and agree to be subject to the provisions of this Order requiring
8  that the documents and information be held in confidence.

9        (e)     Disclosure may be made to a person identified as a fact witness by one of
10 the parties, but only if such disclosure is made at the person's properly noticed deposition and if
11 such disclosure is reasonably necessary for purposes of that person's deposition testimony. Prior
12 to the disclosure to any such fact witness identified in this subparagraph, the witness must be
13 informed of and agree to be subject to the provisions of this Order requiring that the documents
14 and information be held in confidence and agree to be bound by this Order and subject to this
15 Court's jurisdiction. Additionally, prior to the disclosure to any such fact witness identified in
16 this subparagraph, the party seeking to make a disclosure shall provide the other party with
17 advance notice and offer that party an opportunity to request that the deposition transcript be
18 designated confidential.

19   5.     Except as provided in Paragraph (4), counsel for the parties must keep all
20 documents designated as confidential which are received under this Order secure within their
21 exclusive possession and must place such documents in a secure area.

22   6.     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to
23 collectively as "copies") of documents or information designated as confidential under this
24 Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if
25 that word does not already appear.

26   7.     To the extent that any answers to interrogatories, transcripts of depositions,
27 responses to requests for admissions, or any other papers filed or to be filed with the Court reveal
28

or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed in accordance with Court Local Rule 10-5(b).

8. Any party filing information claimed to be confidential under paragraph 7 must include with that filing either: (a) a motion to seal the material pursuant to Court Local Rule 10-5(b); or (b) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under Court Local Rule 10-5(b) within 21 days of the objection.

9. The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Court Local Rule 26-7(b).

10. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

11. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

## **THE INADVERTENT PRODUCTION OF MATERIALS**

12. For the purposes of the remainder of this Order, the following definitions shall apply:

(a) An "Inadvertently Produced Document" is a document that a party to this litigation provides to the opposing party in this case but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality or other restrictions on disclosure, and for which the Producing Party provides the notice required in this Order.

(b) The "Producing Party" is the party that provides an Inadvertently Produced Document.

(c) The "Receiving Party" is a party that receives an Inadvertently Produced Document.

4

23318902v1 0950239

1    13.     Pursuant to the agreement of the parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Order applies to any Documents or ESI disclosed, exchanged, produced, or discussed-whether intentionally or inadvertently-among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation (collectively, "Produced Documents").

14.     This Order applies regardless of whether the Documents or ESI describe or relate to actions taken in this litigation, or in prior or separate litigations.

15.     Upon learning of an inadvertent production, the Producing Party shall promptly give all counsel of record notice of the inadvertent production. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced. If the Party that produced a document claims that only a portion of the document was inadvertently produced, the Party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.

16.     Upon receiving notice of an inadvertent production, or upon determining that a document received is known to be privileged, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information.  The Receiving Party may not use or disclose the information until the claim is resolved.  If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

17.     A Party receiving documents produced by another Party is under a good faith obligation to promptly alert the Producing Party if a document appears on its face or in light of facts known to the Receiving Party to be privileged.

18.     To the extent that any Party obtains any information, documents or communications through inadvertent disclosure, such information, documents and

5

23318902v1 0950239

communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in any action.

19. If the Receiving Party challenges a claim that a Produced Document is properly privileged, the Receiving Party may in connection with a good faith challenge, make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide such document to the Court for in-camera review.

20. If the Court sustains the claim that a Produced Document is properly a Produced Privileged Document, the Receiving Party shall, within two (2) days of the Court's order, return the Produced Privileged Document and any copies it has and destroy any notes relating to the Produced Privileged Document and advise the Producing Party in writing of the destruction.

21. Nothing in this Order shall be construed to require the production of any Document or ESI that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 4, 2014