1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP KERVIN, et al.,                          )
                                                 )          Case No. 2:13-cv-01461-MMD-PAL
                              Plaintiffs          )
                                                 )          **ORDER**
vs.                                              )
                                                 )
GC SERVICES, LIMITED PARTNERSHIP,                )
                                                 )
                                                 )
                              Defendant.          )
_____  )

12   Before the court is the parties' Stipulation for Protective and Inadvertent Disclosure Order (Dkt.

13   #18) which the court approved to facilitate discovery in this case.  This order reminds counsel that there

14   is a presumption of public access to judicial files and records.  A party seeking to file a confidential

15   document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in

16   *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

17   The court has adopted electronic filing procedures that, with a few exceptions not applicable

18   here, the Clerk of the Court no longer maintains paper records.  Special Order 109 requires the Clerk of

19   the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic

20   form.  The electronic record constitutes the official record of the court.  Attorneys must file documents

21   under seal using the court's electronic filing procedures.  *See* LR 10-5(b).  That rule provides:

22
23
24
25
26
27

> Unless otherwise permitted by statute, rule or prior Court order, papers filed
> with the Court under seal shall be accompanied by a motion for leave to file
> those documents under seal, and shall be filed in accordance with the Court's
> electronic filing procedures.  If papers are filed under seal pursuant to prior
> Court order, the papers shall bear the following notation on the first page,
> directly under the case number: "FILED UNDER SEAL PURSUANT TO
> COURT ORDER DATED _____."  All papers filed under seal will
> remain sealed until such time as the Court may deny the motion to seal or
> enter an order to unseal them, or the documents are unsealed pursuant to
> Local Rule.

28   *Id.*  Documents filed under seal are not accessible to the public.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The court has approved the parties' blanket protective order to facilitate their discovery exchanges.  However, the parties have not shown, and court has not found, that any specific documents are secret or confidential.  The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access.  *See Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Id.* at 1180.

**IT IS ORDERED** that the parties shall comply with the requirements of LR 10-5(b), and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal.

Dated this 30th day of January, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2