UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP KERVIN; AND AMANDA KERVIN, <br><br>Plaintiff, <br><br>v. <br><br>GC SERVICES, LIMITED PARTNERSHIP, <br><br>Defendant. | Case No. 2:13-cv-01461-MMD-PAL <br><br>ORDER <br><br>(Def's Motion to Dismiss Count III of the First Amended Complaint – dkt. no. 10) |

**I.   SUMMARY**

Before the Court is Defendant GC Services, Limited Partnership's Motion to Dismiss Count III of the First Amended Complaint and Plaintiff Phillip Kervin. (Dkt. no. 10.) Plaintiffs filed a response in non-opposition. (Dkt. no. 15.) For the reasons stated below, the Motion is granted in part and denied in part.

**II.   BACKGROUND**

The First Amended Complaint alleges that Plaintiff Amanda Kervin incurred a debt for her student loans that was purchased, assigned or transferred to Defendant. It further alleges that Defendant made numerous calls to Amanda's phone in an effort to collect the debt. Count III of the First Amended Complaint asserts that Defendant engaged in a deceptive practice under the Nevada Deceptive Trade Practices Act by: (1) using threatening or intimidating language; (2) soliciting collection of the debt in an annoying, abusive or harassing manner; and (3) blocking or otherwise circumventing services used to identify an unsolicited caller. (Dkt. no. 8 at 6–7.)

Defendant now moves, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), for dismissal of Count III and dismissal of Plaintiff Phillip Kervin. Plaintiffs do not oppose the Motion.

## III. DISCUSSION

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from

conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

"Under Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which requires that a party state with particularity the circumstances constituting fraud." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012) (*quoting* Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (citations omitted). Accordingly, "the complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* (citations omitted).

### B. Analysis

Count III asserts a claim pursuant to NRS 41.600, which states that "[a]n action may be brought by any person who is a victim of consumer fraud." Under the statute, "consumer fraud" is defined to include a deceptive trade practice as defined in NRS 598.0915 to NRS 598.0925. *See* NRS 41.600(2)(e). Count III specifically alleges a violation of NRS 598.0918, which describes a deceptive trade practice involving solicitation by telephone. Chapter 598 of the Nevada Revised Statutes, including NRS 598.0918, is the Deceptive Trade Practices Act.

Defendant argues that Count III should be dismissed because Chapter 598 only applies to transactions involving goods and services, not debt collection activities. (Dkt. no. 10 at 7-8.) Defendant points to cases in the District of Nevada that have found that Chapter 598 only applies to goods and services. (*Id.* (*citing Archer v. Bank of Am. Corp.*, 2:11-cv-1264, 2011 WL 6752562, *2 (D. Nev. Dec. 23, 2011); *Lee v. BAC Home Loans*

*Servicing, LP*, 2:11-cv-1583, 2011 WL 5827202, *3 (D. Nev. Nov. 18, 2011); *Lalwani v. Wells Fargo Bank, N.A.*, 2:11-cv-0084, 2011 WL 4574338, *2 (D. Nev. Sept. 30, 2011).) Defendant also attaches a statement on Nevada Attorney General Catherine Cortez Masto's website, which says that "debt collection" is not deceptive trade under Chapter 598. (Dkt. no. 10, Ex. A.)

Under LR 7-2, the "failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." The Court has reviewed Defendant's arguments, the record, and Plaintiff's response in non-opposition. The Court finds that Count III of the First Amended Complaint fails to state a claim under which relief can be granted and should be dismissed. As Plaintiffs have demonstrated that they do not intend to prosecute Count III and have not asked for leave to amend, Count III will be dismissed with prejudice.

As to Plaintiff Phillip Kervin, Defendant argues that he should be dismissed because the First Amended Complaint does not contain any allegations of fact regarding him, other than where he resides. (*Id.* at 10-11.) Counts I and II of the First Amended Complaint assert claims under the Telephone Consumer Protection Act (TCPA), specifically 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits the use an automatic telephone dialing system or artificial or prerecorded voice "to any telephone number assigned to . . . any service for which the called party is charged for the call[.]" The First Amended Complaint alleges that it was Amanda Kervin's debt, her cellphone and her cellphone service provider that were involved in the alleged TCPA violation.

The Court finds that Plaintiff Phillip Kervin fails to sufficiently allege any claims under which relief may be granted. Claims asserted by Phillip will therefore be dismissed. However, the Court will not dismiss Plaintiff Phillip Kervin from this action at this time. While Rule 12(b)(6) is the proper procedural mechanism for dismissing a complaint, in whole or in part, the rule only pertains to "claims" and does not give the Court authority to dismiss Phillip, a named plaintiff who brought the action.

///

4

## IV. CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss Count III of the First Amended Complaint and Plaintiff Phillip Kervin (dkt. no. 10) is granted in part and denied in part. Plaintiff's claims under NRS 41.600 and NRS 598.0918, asserted as "Count III," are dismissed with prejudice. Claims asserted by Plaintiff Phillip Kervin are dismissed with prejudice. Plaintiff Phillip Kervin is not dismissed from this action.

DATED THIS 12th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE